## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | : | |
| SANDRA GERMAN | : | |
| | : | |
| v. | : | Civil No. CCB-11-1242 |
| | : | |
| AKAL SECURITY, INC., MARYLAND | : | |
| AVIATION ADMINISTRATION | : | |
| | : | |
| | : | |

## <u>MEMORANDUM</u>

The court previously dismissed Sandra German's claims for employment discrimination and gave her 21 days to file an amended complaint.  Ms. German failed to ask for an extension of time prior to the deadline, and then filed an amended complaint after the court-ordered deadline expired.  Defendants Akal Security, Inc. ("Akal") and the Maryland Aviation Administration ("MAA") have filed motions to strike the amended complaint (ECF Nos. 27 & 29), and Ms. German has filed a motion for extension of time under Fed. R. Civ. P. 6(b).  (ECF No. 28).  The motions have been briefed, and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011).  For the reasons described below, defendants' motions will be granted.

The relevant facts of the case have been described in the court's prior opinion. (ECF No. 24)  There, the court dismissed Ms. German's complaint for failure to state a claim, dismissing her state law claims with prejudice and her federal law claims without prejudice. The court noted Ms. German had, in her opposition brief, "requested the opportunity to amend her complaint in the event this court determines her pleadings to be insufficient." (*Id.*

1

at 17.)  Giving weight to an EEOC statement that "credible witness testimony was obtained in support of Plaintiff's allegations of racial harassment," the court stated that "Plaintiff will be granted leave to seek to amend her Title VII claims only."  (*Id.* at 18.)  In the attached order, the court stated "plaintiff may seek leave to amend the complaint to cure deficiencies as to the Title VII claims in Counts I, II, and III *within 21 days of the date of this Order*." (ECF No. 25 (emphasis added).)

Ms. German filed an amended complaint with the court on January 29, 2012, more than a month after the specified deadline.  Akal subsequently filed a motion to strike the amended complaint, noting that Ms. German had not filed a motion to extend the deadline as required by Fed. R. Civ. P. 6(b)(1)(B).  On February 6, 2012, Ms. German then filed a motion for extension of time, requesting this court extend the deadline sufficiently to accept her previously filed amended complaint as timely.  Ms. German explained that her counsel inadvertently missed the deadline, having misread the memorandum opinion and believing that the memorandum opinion had already granted her leave to file an amended complaint. This mistake was compounded by "the congested workweeks during the busy holiday season in December and early January."  (Pl.'s Opp. to Def. Akal's Mot. to Strike 2, ECF No. 31.)

Where "a motion for extension of a court-ordered deadline is filed after the date specified," Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure "requires a demonstration that the failure to act within the time required was the result of 'excusable neglect.'" *Whichard v. Specialty Rests. Corp.*, 220 F.R.D. 439, 440–41 (D. Md. 2004) (quoting Fed. R. Civ. P. 6(b)(1)(B));[1] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895-96

---

[1] Fed. R. Civ. P. 6(b)(1) states:

(1990).

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). "It is not surprising, then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that 'excusable neglect' may extend to inadvertent delays." *Id.* at 391–92 (1993) (citing, among others, *United States v. Borromeo*, 945 F.2d 750, 753–754 (4th Cir. 1991)).

"To ascertain whether a delay in filing is excusable, courts must consider 'all relevant circumstances surrounding the party's omission.'" *Dwonzyk v. Baltimore Cnty.*, 328 F. Supp. 2d 572, 577 (D. Md. 2004) (quoting *Pioneer*, 507 U.S. at 395, and applying the *Pioneer* standard to a Rule 6(b) motion). "The excusability determination" takes into account

> [1] the danger of prejudice to the debtor [or non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*In re SPR Corp.*, 45 F.3d 70, 72 (4th Cir. 1995) (quoting *Pioneer*, 507 U.S. at 385). The Fourth Circuit has stated, as to a failure to timely file an appeal, that "[t]he most important of the factors identified in *Pioneer* for determining whether 'neglect' is 'excusable' is the reason for the failure." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th

---

When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Cir. 1996) (applying the *Pioneer* factors to a determination under Fed. R. App. P. 4(a)(5)).[2]

The court assumes good faith on the part of Ms. German and finds no substantial prejudice to defendants. After three years awaiting the EEOC determination, an additional delay would only marginally affect the memories of witnesses, and granting leave to amend after the delay would not foreclose any arguments that otherwise would have been available to defendants. The other two *Pioneer* factors, however, weigh heavily against finding excusable neglect.

Ms. German's explanation for the delay is weak. The court's order contained an express 21-day deadline for filing a motion for leave to amend. The order was expressly incorporated into the opinion memorandum, which stated that "[a] separate order follows." (ECF No. 24, at 18.) A plausible misreading of a court order may weigh in favor of excusable neglect, *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 631 (1st Cir. 2000), but plaintiff here fails to identify any ambiguity in the language of the memorandum opinion or the order.[3] The only plausible inference is that plaintiff's counsel either did not read the order or did not prioritize meeting the deadline. It should go without saying that a congested schedule does not excuse the failure to, at the very least, request an extension of time prior to a deadline.

In reviewing the length of delay, the court notes that the missed deadline is not

---

[2] This is not necessarily always the case. In cases involving forfeiture, the degree of prejudice is "perhaps the most important" factor. *United States v. Borromeo,* 945 F.2d 750, 753 (4th Cir. 1991); *U.S. v. $12,914.00 in U.S. Currency,* --- F.Supp.2d ----, 2011 WL 6178892 at *2 (D. Md. Dec. 2, 2011).

[3] Plaintiff's counsel, straining to identify ambiguity in the court's instructions, goes so far as to misstate the language of the memorandum opinion. According to Ms. German's motion for extension of time, the opinion states that "Plaintiff will be granted leave to amend her Title VII claims." (ECF No. 28-1, at 1.) The opinion in fact stated that Plaintiff "will be granted leave *to seek* to amend her Title VII claims." (ECF No. 24, at 18 (emphasis added).)

4

plaintiff's first failing in this case.  The need to amend was prompted by failure to satisfy basic federal civil pleading standards in the original complaint.  After defendants filed motions to dismiss, Ms. German could have addressed the deficiencies in her complaint by filing an amended complaint as of right.  *See* Fed. R. Civ. P. 15(a)(1)(B).  Instead, Ms. German filed an opposition brief supported in part by outdated authority.  In considering the length of delay affecting the proceedings, therefore, the court includes the six-month delay and multiple briefings necessitated by plaintiff's conduct over the full course of this case. *Cf. Cronin v. Henderson*, 209 F.R.D. 370, 372 (D. Md. 2002) (considering a ten month delay to be "substantial" and a factor weighing against excusable neglect).

The court acknowledges there is no indication that Ms. German is personally at fault here.   Nonetheless, the Supreme Court has foreclosed the argument that a client's blamelessness alone can justify a finding of excusable neglect.  A party voluntarily chooses her attorney in civil litigation, and she therefore cannot later "avoid the consequences of the acts or omissions of this freely selected agent." *Pioneer*, 507 U.S. at 396 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–634 (1962)).  This principle "requires that [a party] be held accountable for the acts and omissions of their chosen counsel." *Id.* at 397.[4]

Accordingly, for all of the above reasons, defendants' motion to strike the amended complaint will be granted, and Ms. German's motion for extension of time will be denied with prejudice.

---

[4] Though it does not necessarily affect the determination of excusable neglect, the court also notes that it is not clear plaintiff's motion for leave to amend would have been granted even if timely filed.  The proposed amended complaint does not appear to address the memorandum opinion's most pointed questions, including the court's request for more specific dates and for any proffered explanations for the FBI investigation, plaintiff's demotion, or her ultimate termination.

A separate order follows.


  April 10, 2012                          _____/s/_____
Date                                     Catherine C. Blake
                                         United States District Judge